**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

AEGIS CAPITAL CORP.,

                      *Plaintiff,*

        v.

JUPITER WELLNESS, INC.,

                    *Defendant.*

No. 22-cv-5303

      Upon the Declarations of Griffin Cassagne and John F. Baughman, dated June 23, 2022, Plaintiff's Memorandum of Law in Support of Plaintiff's application for an *Ex Parte* Temporary Restraining Order and Preliminary Injunction, dated June 23, 2022, and upon Plaintiff's Complaint, it is

      ORDERED, that the above named defendant show cause before a motion term of this Court, at Room _____, United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on _____, 2022, at _____ o'clock in the _____noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining Defendant Jupiter Wellness, Inc. from further filing registration statements to register securities, maintaining the effectiveness of such registration statements, and issuing any capital stock or other securities in violation of the Underwriting Agreement dated July 21, 2021 by and between Plaintiff and Defendant; and it is further

      ORDERED that, sufficient reason having been shown therefor, pending the hearing of plaintiffs application for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., Defendant Jupiter Wellness, Inc. is temporarily restrained and enjoined from (i) issuing any capital stock in violation of the Underwriting Agreement dated July 21, 2021 by and between Plaintiff and Defendant,

including, but not limited to the proposed issuance of up to 6,830,538 shares of Jupiter common stock identified in Defendant's registration statement on Form S-3 filed June 13, 2022 or (ii) taking action that would maintain the effectiveness of the registration statement that was declared effective by the SEC on June 22, 2022, ; and it is further

ORDERED that security in the amount of $_____ be posted by Plaintiff prior to _____, 2022, at _____ o'clock in the \_\_\_\_noon of that day;

The Court, having considered the materials submitted in connection with this application, determines that posting of a security is not warranted in this matter; and it is further

ORDERED that personal service of a copy of this Order and supporting papers upon the defendant or his counsel on or before _____ o'clock in the _____noon, shall be deemed good and sufficient service thereof.

**SO ORDERED** this \_\_\_ day of June, 2022

_____
United States District Judge